Matter of St. Remy (Siemens Corp.) (2019 NY Slip Op 09071)





Matter of St. Remy (Siemens Corp.)


2019 NY Slip Op 09071


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528518

[*1]In the Matter of the Claim of Mark St. Remy, Appellant, Siemens Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Grey & Grey, LLP, Farmingdale (Sanjai Doobay of counsel), for appellant.
Law Offices of Burke, Conway & Dillon, White Plains (Stephane Martin of counsel), for Siemens Corp. and another, respondents.



Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed August 7, 2018, which ruled, among other things, that claimant was required to demonstrate an ongoing attachment to the labor market and denied his request to reinstate his award of workers' compensation benefits.
Claimant has an established workers' compensation claim for injuries to his back, neck and right shoulder and consequential gastric ulcer stemming from a 2012 accident. Claimant was classified in July 2015 with having a permanent partial disability under Workers' Compensation Law § 15 (3) (w) and entitled to continuing awards based upon his loss of wage-earning capacity. The case was continued to address issues of claimant's labor market attachment, which had been raised at the hearing. Following an October 2015 hearing, the continuing awards were suspended based upon a finding that claimant was not attached to the labor market. No appeal was taken from that decision.
Workers Compensation Law § 15 (3) (w) was thereafter amended, effective April 10, 2017, to provide, in relevant part, that, in certain cases of permanent partial disability, "compensation . . . shall be payable during the continuance of such permanent partial disability, without the necessity for the claimant who is entitled to benefits at the time of classification to demonstrate ongoing attachment to the labor market." In reliance on the 2017 amendment, claimant filed a request for further action, contending that the recent amendment dispensed with the requirement that he establish attachment to the labor market and, therefore, he was entitled to reinstatement of his permanent partial disability award. A Workers' Compensation Law Judge directed that claimant produce evidence of reattachment to the labor market before awards could be reinstated. The Workers' Compensation Board affirmed, and claimant appeals.
For the reasons stated in our recent decisions addressing the same issues (see Matter of Santos v Brickens Constr. Co., 175 AD3d 1742, 1743 [2019]; Matter of Pryer v Incorporated Vil. of Hempstead, 175 AD3d 1663, 1665-1666 [2019]; Matter of Scott v Visiting Nurses Home Care, 172 AD3d 1868, 1869 [2019], lv dismissed ___ NY3d ___ [Nov. 30, 2019]), we affirm. Here, claimant was classified with a permanent partial disability in 2015 and, in October 2015, was found not to be attached to the labor market, as was required by the then-governing precedent. The final decision as to claimant's failure to remain attached to the labor market was made well in advance of the effective date of the 2017 amendment. Accordingly, under these circumstances, "this is not a situation in which retroactive application of the amendment is appropriate," and the Board's decision will not be disturbed (Matter of Pryer v Incorporated Vil. of Hempstead, 175 AD3d at 1666; see Matter of Santos v Brickens Constr. Co., 175 AD3d at 1743; Matter of Scott v Visiting Nurses Home Care, 172 AD3d at 1869; cf. Matter of O'Donnell v Erie County, 162 AD3d 1278, 1280-1281 [2018], lv granted 32 NY3d 907 [2018]).
Garry, P.J., Lynch and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.